IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEPHANIE KINNAIRD and RICKEY KINNAIRD, | § § § § | |
| Plaintiffs | § § | |
| vs. | § § | No. 1:12-CV-00059 |
| UNITED STATES OF AMERICA, | § § § § § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs Stephanie and Rickey Kinnaird bring this complaint under the Federal Tort Claims Act, 28 U.S.C. § 2674. Plaintiffs complain of the United States of America and would respectfully show the following:

### I.

### PARTIES

**1.1** This case arises out of bodily injuries caused by a United States Army heavy-tactical truck, when it ran a red light at a four-way intersection and broadsided Stephanie Kinnaird's car.

**1.2** Plaintiffs Stephanie and Rickey Kinnaird reside in Harker Heights, Texas, within the jurisdiction of this Court. Plaintiff Rickey Kinnaird is an active duty serviceman in the United States Army and Stephanie Kinnaird is his wife. Mr. and Ms. Kinnaird have four daughters, all minors who live with them in Harker Heights, Texas.

**1.3** The Defendant is the United States of America.

## II.

## JURISDICTION, SERVICE & VENUE

2.1    This Federal District Court has jurisdiction because this action is brought pursuant to and in compliance with 28 U.S.C. §§ 1346(b), 2671–2680, commonly known as the Federal Tort Claims Act.

2.2    The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on the United States Attorney Robert Pittman, United States Attorney for the Western District of Texas by certified mail, return receipt requested at his office:

> United States Attorney's Office
> ATTN: Civil Process Clerk
> 601 NW Loop 410,
> Suite 600
> San Antonio, Texas 78216

2.2    Service is also affected by serving a copy of the Summons and Complaint on Eric Holder, Attorney General of the United States, by certified mail, return receipt requested at:

> The Attorney General's Office
> ATTN: Civil Process Clerk
> 10th & Constitution Avenue, N.W.
> Washington, DC 20530

2.3    Venue is proper in this district pursuant to 28 U.S.C. § 1391(e) because the United States is a Defendant, the Plaintiffs reside in this district and have their domicile in this district, and no real property is involved in the action.

## III.

## LIABILITY OF THE UNITED STATES

**3.1** This case is commenced and prosecuted against the United States of America to and in compliance with Title 28 U.S.C. §§ 2671–2680, the Federal Tort Claims Act. Liability of the United States is predicated specifically on 28 U.S.C. § 2674 because the personal injuries and resulting damages of which the complaint is made were proximately caused by the negligence, wrongful acts and/or omissions of employees and/or agents of the United States of America working for the United States Department of the Army in Fort Sill, Oklahoma, while acting within the scope of their office, employment, and/or agency under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual.

**3.2** The United States Department of Army is an agency of the United States of America. The Defendant United States of America, through its agency, the United States Department of Army, at all material times owned, operated, and controlled Fort Sill, Oklahoma and staffed its facilities and vehicles with its agents, servants and employees.

**3.3** At all material times, all persons involved in supervising and operating the Department of Army vehicle in question were agents, servants or employees of the United States of America or its agency, and were at all material times acting within the course and scope of employment.

## IV.

## JURISDICTIONAL PREREQUISITES

**4.1** Plaintiffs plead pursuant to 28 U.S.C. §§ 2672 and 2675(a), that the claims set forth here were filed with and presented administratively to the Department of Army on June 23, 2009. Plaintiff Rickey Kinnaird filed an amended administrative claim on April 15, 2011. Greater than

six (6) months have passed since these claims have been presented, and the Department of Army has failed to resolve the claims. Accordingly, all claims are deemed denied and Plaintiffs have complied with all jurisdictional prerequisites and conditions present to the commencements and prosecution of this suit.

## V.

## FACTS

**5.1** This is a Federal Tort Claims Action for monetary damages sustained by Plaintiffs arising out of the personal injuries to Stephanie Kinnaird as a result of the negligent operation of a United States Department of Army truck in Lawton, Oklahoma.

**5.2** On the morning of June 26, 2007, Sergeant Daniel Galindo drove an U.S. Army Oshkosh PLS east on E. Gore Blvd. towards SW Flowermound Road. An Oshkosh PLS weighs over 24 tons and can reach speeds of nearly 100 miles per hour. It is a 500 horsepower, heavy-tactical truck with a payload capacity of over 16 tons. On this particular day, the truck had about four tons of cargo. Sgt. Galindo's truck was the part of a convoy lead by a Humvee and another PLS truck. Sgt. Galindo's truck was the last truck in the convoy and was lagging behind the other trucks.

**5.3** On this particular morning, it was raining and the road was wet. As the first vehicle (the Humvee) crossed the intersection of Gore & Flowermound, the light turned yellow. A second military PLS followed through the yellow light, which then turned red. Galindo's truck lagged about 100 feet behind this second military truck. Albert Redd III and Lorena Nolan, two witnesses in the parking lot of the Ez-Go gas station at the intersection, saw Sgt. Galindo's truck and described it as travelling "at a high rate of speed," and "fast."

**5.4** Sgt. Galindo drove through the intersection on a red light, heading east on E. Gore Blvd.

4

**5.5** Stephanie Kinnaird drove north on Flowermound Rd., through a green light.

**5.6** Sgt. Galindo's truck crashed into Ms. Kinnaird in the middle of the intersection. The front right-side of the military PLS hit Ms. Kinnaird's driver-side door. Ms. Kinnaird's car spun counterclockwise 360 degrees and came to a rest in the southbound lane of Flowermound Rd. Sgt. Galindo skid to a stop, and then moved to park his truck. Witnesses called the Lawton police, who arrived to investigate. Three witnesses to the crash provided statements to the police that they saw Sgt. Galindo's truck enter the intersection on a red light.

**5.7** After conducting further investigation, the police officers cited Sgt. Galindo for violating Okla. Stat. tit. 47, § 11-202(3)(a) for failing to stop at a "steady ... red signal." The Lawton police noted the "unsafe/unlawful contributing factor[]" in the collision report was Sgt. Galindo's failure to stop for the traffic signal. The Lawton police department did not cite Ms. Kinnaird for any traffic violations. Sgt. Galindo subsequently plead no contest and was convicted of "failing to obey instructions on traffic control device" in violation of Okla. Stat. tit. 47, §11.201.

**5.8** Even though Ms. Kinnaird was wearing her shoulder and lap seatbelt, the collision report noted that she had "incapacitating" injury to her head, abdomen (both internal and external), arms and legs." She was taken away from the crash scene in an ambulance to the hospital. Ms. Kinnaird's car was totaled and towed away from the crash scene. Sgt. Galindo drove the military PLS from the crash scene.

**5.9** The United States Department of Army employee's failure to exercise reasonable and ordinary care in operating a Department of Army vehicle on June 26, 2007, caused a collision between the Army truck and Ms. Kinnaird's vehicle that directly and proximately caused injury to Ms. Kinnaird. Plaintiff Stephanie Kinnaird was lawfully operating her vehicle and otherwise

exercising ordinary and reasonable care at the time of the collision. The Army vehicle failed to stop at a red light.

5.9  As a direct and proximate result of the Defendant's negligence, Ms. Kinnaird was seriously and permanently injured. The damages include, but are not limited to, closed head injury, fractured ribs, collapsed lung, complex lacerations in her abdominal/pelvic area, hematomas, internal injuries, multiple soft tissue contusions and abrasions, including open wound wrist, jaw, and a contusion of her buttocks. Her medical records indicate that she had "resultant immobilization" for over two and a half months after the crash and "severe muscular contusions with likely micro focal bleeding and scarring." Her doctor diagnosed her with whiplash syndrome to multiple segments of her spine. As a result of the crash, Ms. Kinnaird has undergone several surgeries and medical procedures to treat the injuries she sustained.

5.10  Prior to the accident, Ms. Kinnaird was very active and involved in her four daughters' lives and as head of the household while her husband was serving overseas in the Iraq war theater. She had no significant medical history or injuries, and was otherwise physically and mentally healthy. Following the crash, her doctors noted that she has symptoms of increased anxiety, fear of the future, crying spells, insomnia and nightmares. She was diagnosed as having severe, acute stress disorder, recurrent migraines, short term memory loss, nervous instability, intermittent blurry vision, nausea, decreased attention span, and chronic post-concussion syndrome. As a result of the crash, Ms. Kinnaird has also been diagnosed with Post Traumatic Stress Disorder (PTSD) for which she also currently receives treatment.

5.11  Ms. Kinnaird continues to have physical pain. By March of 2008, her neurologist reported continuous, nagging and sharp pain with migraines. She has reported trouble

concentrating and memory problems. A neurological exam taken in October 2008, showed evidence of decreased attention span and problems with short term memory.

5.12    Ms. Kinnaird's injuries including her brain injury are, in all likelihood, permanent and will continue to cause chronic pain and mental suffering for the remainder of her life. She will likely continue to have severely limited ability to perform the activities of daily living. She will likely continue to need future therapy and medical treatment and equipment to manage her injuries. Recent diagnostic testing has confirmed that Ms. Kinnaird suffered a brain injury as a result of the crash and that her brain injury is an all medical probability permanent.

## VI.

## CAUSE OF ACTION

6.1    The Defendant, the United States of America, was negligent in one or more of the following respects:

1. Negligent per se for failing to stop at a steady red light signal in violation of Okla. Stat. tit. 47, § 11-201 and § 11-202(3)(a);
2. Negligent for failing to maintain proper and safe control of the vehicle;
3. Negligent for failing to maintain a proper and safe speed of the vehicle;
4. Negligent for failing to maintain a safe and proper lookout for other vehicles;
5. Negligent for failing to maintain a proper lookout for traffic signals;
6. Negligent for entering a busy intersection into oncoming traffic;
7. Negligent for failing to yield the proper right-of-way to oncoming traffic;
8. Negligent for failing to stop at a red light;

6.2    At all material times, the employees, agents, or representatives of the United States Government were negligent and caused the injuries sustained by the Plaintiffs.

## VII.

## **DAMAGES**

**7.1** As a proximate result of the Defendant's negligent acts or omissions, Plaintiffs suffered injuries, which would not have otherwise occurred. Plaintiff Stephanie Kinnaird pleads for all damages available under Oklahoma state law, federal law, and equity including, but not limited to:

1. Past and future physical pain and suffering;
2. Past and future mental anguish;
3. Past and future suffering, humiliation and emotional distress;
4. Past and future physical impairment and disability;
5. Past and future physical disfigurement;
6. Past and future loss of income and impairment of earning capacity;
7. Past and future reasonable charges necessary for medical care, nursing, hospital, rehabilitation services, custodial care, health care, supplies, attendant care expenses and other health services;
8. Past and future reasonable and necessary expenses incurred for substitute domestic services;
9. Past and future reasonable value of the loss of consortium with her husband, Rickey Kinnaird; and
10. Out-of-pocket expenses.

**7.2** As a proximate result of the Defendant's negligent acts or omissions, Plaintiff Rickey Kinnaird suffered injuries, which would not have otherwise occurred. He pleads for all damages available under Oklahoma state law, federal law and equity, including, but not limited to:

1. Past value of attendant, medical, and custodial care and services provided by Rickey Kinnaird to his wife up until the time of trial;
2. Past and future loss of spousal household services, care, comfort, companionship, society;
3. Loss of consortium with his wife, Stephanie Kinnaird;
4. Past reasonable and necessary medical expenses up until the time of trial; and
5. Out-of-pocket expenses

## VIII.

## **PRAYER**

Plaintiffs request that Defendant be cited in terms of law to appear and answer herein: that upon final trial and hearing, the Plaintiffs have a judgment against the Defendant, for the amount of actual damages; and for such other and different amounts as they shall show by proper amendment before trial; for post judgment interest at the applicable legal rate; for all Court costs incurred in this litigation; and for such other and further relief, at law and in equity, both general and special, to which the Plaintiffs may show themselves entitled to and to which the Court believes them deserving.

Respectfully Submitted,

/s/ Jamal Alsaffar
**JAMAL K. ALSAFFAR**
Texas State Bar No. 24027193
**TOM JACOB**
Texas State Bar No. 24069981
**ARCHULETA, ALSAFFAR & HIGGINBOTHAM**
P.O. Box 340639
1100 Lakeway Drive, Suite 101
Austin, TX 78734
Telephone: (512) 266-7676
Telefax: (512) 266-4646
E-mail: jalsaffar@govtclaim.com